UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MARTINO O'BRYANT, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:26-cv-00084-HEA |
| EXTRA SPACE STORAGE, | ) ) ) |
| Defendant. | ) ) |

**OPINION, MEMORANDUM AND ODER**

Before the Court is self-represented Plaintiff Martino O'Bryant's Application to Proceed in District Court Without Prepaying Fees or Costs. Doc. 2. Having reviewed the Application and financial information, the Court will grant the Application and waive the filing fee. For the following reasons, on initial review, the Court dismisses Plaintiff's federal claims without prejudice for failure to state a claim upon which relief may be granted and dismisses any state law claims for lack of subject matter jurisdiction.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous or malicious, or if it fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. §1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility

of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. "Determining whether a complaint states a plausible claim for relief" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. The Court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016); *see also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (court not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under 28 U.S.C. § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that, "if the essence of an allegation is discernible . . . then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)).

## The Complaint

Plaintiff brings this civil complaint against Defendant Extra Space Storage alleging it violated his Fifth and Fourteenth Amendment rights to due process when it did not notify him that its facility would be closed for four to five days.

Plaintiff states that he rents a storage unit from Defendant and he keeps his tennis training equipment in the unit. In February or March, 2025, Defendant's facility was broken into and subsequently closed for four or five days. During this time, Plaintiff could not access his storage unit and could not use his training equipment. As a result, he alleges he lost prospective tournament earnings of up to $3.6 million. Doc. 1-4 at 1. He states,

> During this time frame, I was unable to complete the rigorous training regimen I'd devised to prepare me to compete in amateur tennis tournaments as a competitive tennis player. I would be able to compete for **developmental income** as a player. After making it to the semis of a tournament, I would then have sufficient information regarding the tennis game I'd have to develop to ascend to the next level of prize money play.

Doc. 1-1 at 1-2 (emphasis in original).

For relief, Plaintiff seeks an Order requiring Defendant to arbitrate this matter within 24 to 48 hours, free access to his storage unit pending arbitration, copies of all documents and camera footage Defendant would produce in an arbitration, an investigation into the crime, and "financial sanctions." *Id.* at 4. As to the financial

sanctions, Plaintiff states the amount in controversy is $400,000, although he includes no explanation of this calculation. *Id.*

## Discussion

Plaintiff alleges Defendant violated his procedural due process rights under the Fifth and Fourteenth Amendments. He appears to bring these claims under 42 U.S.C. § 1983. To allege a violation of constitutional due process rights, however, Plaintiff must show state action on the part of Defendant. *See Warren v. Government Nat'l Mortg. Ass'n*, 611 F.2d 1229, 1232 (8th Cir. 1980). "The Due Process Clause . . . applies to federal government not private action." *Id.*; *see also Zutz v. Nelson*, 601 F.3d 842, 848 (8th Cir. 2010). Defendant is a private storage company, not a public actor. Because Defendant did not act under color of state law, Plaintiff cannot state a plausible claim that Defendant violated his procedural due process rights. The Court will dismiss these claims without prejudice for failure to state a claim upon which relief may be granted.

Liberally construed, Plaintiff claims Defendant breached its storage contract with him. But, an action for breach of contract arises under Missouri state law, not the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. Assuming Plaintiff might allege diversity jurisdiction over this state law claim, this claim would also fail.

Diversity jurisdiction exists when the parties are citizens of different states and the amount in controversy exceeds $75,000.  *See* 28 U.S.C. § 1332.  Plaintiff has not alleged the citizenship of either party.  Assuming the parties were citizens of different states, Plaintiff has not plausibly pled damages of more than $75,000.  He seems to base his monetary damages on the amount of tournament money he would have won had he been able to train during the four or five days he lacked access to his equipment.  His claim to damages of $400,000 is likely factually frivolous.  *See Denton v. Hernandez*, 504 U.S. 25, 32 (1992) (describing factual frivolity as "claims describing fantastic or delusional scenarios, claims to which federal district judges are all too familiar") (quoting *Neitzke v. Williams*, 490 U.S. 319, 328 (1989)).  Even taken at face value, these damages are entirely speculative.  Thus, Plaintiff has not met his burden of establishing diversity jurisdiction as he has not alleged the parties' citizenship and has not plausibly alleged $400,000 in damages based on unrealized tournament winnings.  *Bell v. Hershey Co.*, 557 F.3d 953, 956 (8th Cir. 2009).

To the extent Plaintiff brings his claims under 42 U.S.C. § 1983 alleging Defendant violated his constitutional due process rights, these claims are dismissed for failure to state a claim upon which relief may be granted.  To the extent Plaintiff alleges Missouri state law contract claims, he has not met either of the requirements for diversity jurisdiction pursuant to 28 U.S.C. § 1332.  As a result, this Court lacks jurisdiction over these state law claims, and they are dismissed without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed in the District Court Without Prepaying Fees and Costs is **GRANTED**.  (Doc. 2)

**IT IS FURTHER ORDERED** that Plaintiff's claims brought under 42 U.S.C. § 1983 are **DISMISSED** for failure to state a claim upon which relief may be granted.  28 U.S.C. §1915(e)(2)(B).

**IT IS FURTHER ORDERED** that to the extent Plaintiff is pleading breach of contract claims, these claims are **DISMISSED** without prejudice for lack of subject matter jurisdiction.

**IT IS FURTHER ORDERED** that Plaintiff's motions for preliminary injunction and for an emergency hearing are **DENIED** as moot.  (Docs. 3 and 4).

Dated this 11th day of February, 2026.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE